Presented to the Court by the foreman of the
Grand Jury in open Court, in the presence of
the Grand Jury and FILED in the U.S.
DISTRICT COURT at Seattle, Washington.

_____February 5_____ 20_20_

WILLIAM M. McCOOL, Clerk

By _____ Deputy

# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | **CR20-5065** RBL |
| Plaintiff, | |
| v. | **INDICTMENT** |
| COVA CAMPBELL, a/k/a Cova Hunter, | |
| Defendant. | |

The Grand Jury charges that:

## COUNTS 1-4
## (Wire Fraud)

**A.    The Scheme and Artifice to Defraud**

1.      Beginning no later than March 2016, and continuing until July 2019, in Tacoma, within the Western District of Washington, and elsewhere, COVA CAMPBELL, a/k/a Cova Hunter, devised and executed a scheme and artifice to defraud Pierce County Housing Authority (PCHA); and to obtain moneys, funds, credits, assets, and other property under the custody and control of PCHA, by means of materially false and fraudulent pretenses, representations, and promises.

2.      At all times relevant to this Indictment, PCHA was a municipal corporation engaged in the provision of housing assistance to Pierce County residents in need.  PCHA received its funding from State, Federal, and private sources.  These funds were used by

INDICTMENT/COVA CAMPBELL - 1

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1 PCHA to assist those in need of housing.    PCHA's principal place of business was
2 located in Tacoma, Washington.
3      3.    At all times relevant to this Indictment, COVA CAMPBELL, formerly
4 known as Cova Hunter, was the Finance Director of PCHA.  As Finance Director,
5 CAMPBELL was responsible for PCHA's banking relationships and accounts.  As
6 Finance Director, CAMPBELL had access to PCHA bank statements.  As Finance
7 Director, CAMBPELL had the authority to wire money from PCHA bank accounts.
8      4.    The essence of the scheme to defraud was for COVA CAMPBELL to use
9 her authority as Finance Director at the PCHA to cause money from PCHA bank
10 accounts to be fraudulently diverted to other accounts controlled by COVA CAMPBELL,
11 for the benefit and the use of COVA CAMPBELL and others and to cause PCHA to pay
12 for personal expenses that CAMPBELL incurred on a PCHA credit card.
13 **B.**    **Manner and Means of the Scheme and Artifice to Defraud**
14      5.    COVA CAMPBELL was the Finance Director at PCHA and had the
15 authority to make wire transfers, approve invoices, and account for expenses.  However,
16 CAMPBELL abused her authority to steal money under the control of PCHA and use that
17 money for her own benefit.
18      6.    COVA CAMPBELL used her authority to make wire transfers and
19 contacted the national wire transfer center for the PCHA bank account and directed wire
20 transfers of PCHA funds from the PCHA bank account to accounts that she owned or
21 otherwise controlled.  CAMPBELL used these funds for personal expenses.
22      7.    Further, COVA CAMPBELL prepared and submitted false invoices that
23 purported to charge PCHA for services that were not actually performed.  CAMPBELL
24 prepared these invoices to make it appear that they were being submitted by an outside
25 vendor for PCHA, however, in truth and in fact, the invoices were submitted by
26 CAMPBELL.  Further, CAMPBELL included her personal bank account number on the
27 false invoices, as the account to direct payment.
28

INDICTMENT/COVA CAMPBELL - 2

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

8.      COVA CAMPBELL abused her authority as Finance Director to approve PCHA's payment of these false invoices and cause others to approve these invoices. Because CAMPBELL had listed her personal bank account on the invoices, PCHA's payments were routed to her personal bank account.  Further, CAMPBELL concealed the payments of these false invoices by causing the false invoices to be paid at the same time as legitimate invoices.

9.      COVA CAMPBELL further fraudulently used a PCHA credit card for personal expenses.  CAMPBELL then caused PCHA to pay the credit card bill for those personal expenses.

10.     COVA CAMPBELL covered up her fraudulent transfers of PCHA money by making false entries in PCHA's accounting records that described fraudulent transfers as "investments."  CAMPBELL also covered up her false transactions by making false entries described payments as "maintenance" or "insurance."  Further, CAMPBELL made false statements about these transfers in order to conceal them.

11.     After COVA CAMPBELL made these unauthorized transactions, CAMPBELL used the money for her own benefit.  CAMPBELL used the money to purchase and improve property, including real estate in Oklahoma.  CAMPBELL further used the money to pay for personal expenses, including automobiles, travel and vacation expenses, and purchases on gaming websites.

12.     In total, during the course of the scheme to defraud, COVA CAMPBELL caused more than $6.9 million to be transferred from PCHA bank accounts to accounts that she controlled.

**C.      Execution of the Scheme to Defraud**

13.     On or about the dates listed below, at Tacoma, in the Western District of Washington, and elsewhere, Defendant COVA CAMPBELL, for the purposes of executing the above-described scheme to defraud and to obtain money and property, and attempting to do so, caused to be transmitted by means of wire communication in

INDICTMENT/COVA CAMPBELL - 3

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

interstate commerce, the signals and sounds described below, each of which constitutes a separate count of this Indictment, as more particularly described below:

| Count | Approximate Date | Wire Transmission |
| --- | --- | --- |
| 1 | September 19, 2018 | Telephone call from COVA CAMPBELL, in Tacoma, Washington, to a Key Bank wire specialist, in Ohio, in connection with the wire transfer of $200,000 from the Key Bank account of PCHA to a Bankers Bank account in the name of Executive Title and Escrow in connection with the purchase of real property by COVA CAMPBELL and J.M.C. |
| 2 | January 15, 2019 | Telephone call from COVA CAMPBELL, in Tacoma, Washington, to a Key Bank wire specialist, in Ohio, in connection with the wire transfer of $275,000 from the Key Bank account of PCHA to the JP Morgan Chase personal bank account of COVA CAMPBELL |
| 3 | March 11, 2019 | Telephone call from COVA CAMPBELL, in Tacoma, Washington, to a Key Bank wire specialist, in Ohio, in connection with the wire transfer of $500,000 from the Key Bank account of PCHA to the JP Morgan Chase personal bank account of COVA CAMPBELL |
| 4 | July 9, 2019 | Telephone call from COVA CAMPBELL, in Tacoma, Washington, to a Key Bank wire specialist, in Ohio, in connection with the wire transfer of $150,000 from the Key Bank account of PCHA to the Bank of America personal bank account of COVA CAMPBELL |

All in violation of Title 18, United States Code, Section 1343.

## FORFEITURE ALLEGATIONS

The allegations contained in Counts 1 through 4 of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to

INDICTMENT/COVA CAMPBELL - 4

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code,

2  Section 2461(c).

3      Upon conviction of an offense alleged in Counts 1 through 4, the defendant,

4  COVA CAMPBELL, shall forfeit to the United States any property, real or personal,

5  which constitutes or is derived from proceeds traceable to that offense, including but not

6  limited to a judgment for a sum of money representing the property described in this

7  paragraph.

8                              **(Substitute Assets)**

9      If any of the above-described forfeitable property, as a result of any act or

10  omission of the defendant,

11      a.  cannot be located upon the exercise of due diligence;

12      b.  has been transferred or sold to, or deposited with, a third party;

13      c.  has been placed beyond the jurisdiction of the Court;

14      d.  has been substantially diminished in value; or

15      e.  has been commingled with other property which cannot be divided without

16          difficulty;

17  ///

18  ///

19  ///

20

21

22

23

24

25

26

27

28

INDICTMENT/COVA CAMPBELL - 5

1  it is the intent of the United States, pursuant to Title 21, United States Code, Section

2  853(p), and Title 28, United States Code, Section 2461(c), to seek the forfeiture of any

3  other property of the defendant, up to the value of the above-described forfeitable

4  property.

5

6

7                                                                    A TRUE BILL

8                                                                    DATED:

9                                                                    *(Signature of Foreperson redacted*

10                                                                   *Pursuant to the policy of the Judicial*
                                                                     *Conference of the United States)*

11

12                                                                   _____

13                                                                   FOREPERSON

14

15  BRIAN T. MORAN
    United States Attorney
16

17

18  ANDREW C. FRIEDMAN
    Assistant United States Attorney
19

20

21  BRIAN D. WERNER
    Assistant United States Attorney
22

23

24

25

26

27

28
    INDICTMENT/COVA CAMPBELL - 6

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970